LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCUNE, | No. |
| Plaintiff, | **Plaintiff's Complaint** |
| vs. | |
| REGAL CINEMAS, INC. dba REGAL EL DORADO HILLS; EL DORADO HILLS THEATRE, LLC, | |
| Defendants. | |

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint

Page 1

# I. SUMMARY

1. This is a civil rights action by plaintiff Michael McCune ("McCune") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Regal El Dorado Hills
2101 Vine Street
El Dorado Hills, CA 95762
(hereafter "the Theater")

2. McCune seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Regal Cinemas, Inc. dba Regal El Dorado Hills; and, El Dorado Hills Theatre, LLC (collectively "Regal El Dorado Hills").

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. McCune's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. Regal El Dorado Hills owns, operates, and/or leases the Theater, and consists of a person (or persons), firm, and/or corporation.

8. McCune is a C5-C6 quadriplegic, is unable to walk or stand, and requires the use of an electronic wheelchair when traveling about in public. Consequently, McCune is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Theater is a place of exhibition or entertainment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. McCune visited the Theater and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by McCune, the barriers at the Theater included, but are not limited to, the following:

- There are an insufficient number of disabled parking spaces, thus making it difficult for McCune to find a space that will accommodate him;
- There are an insufficient number of disabled parking spaces designated as being van accessible, thus making it difficult for McCune to fine a space that will accommodate his van;
- Many – if not all – of the disabled parking space lacks signage posted. Without signage designating these spaces as being accessible, it becomes difficult for McCune – as well as other drivers – to determine which spaces are for the sole use of the disabled;
- Many of the disabled parking spaces have slopes and/or cross slopes that exceed 2.0%. Without a level parking space, it becomes

difficult for McCune to unload from his vehicle as his platform cannot sit level; and,

- Many of the access aisles have slopes and/or cross slopes that exceed 2.0%. Without a level access aisle, it becomes difficult for McCune to unload from his vehicle as his platform cannot sit level.

These barriers prevented McCune from enjoying full and equal access.

11. McCune was also deterred from visiting the Theater because he knew that the Theater's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Theater because of the future threats of injury created by these barriers.

12. McCune also encountered barriers at the Theater, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that McCune is seeking to remove barriers unrelated to his disability.

13. Regal El Dorado Hills knew that these elements and areas of the Theater were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Regal El Dorado Hills has the financial resources to remove these barriers from Regal El Dorado Hills (without much difficulty or expense), and make the Theater accessible to the physically disabled. To date, however, Regal El Dorado Hills refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Regal El Dorado Hills has possessed and enjoyed sufficient control and authority to modify the Theater to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Regal El

Dorado Hills has not removed such impediments and has not modified the Theater to conform to accessibility standards.

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. McCune incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Regal El Dorado Hills discriminated against McCune by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Theater during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

20. Here, McCune alleges that Regal El Dorado Hills can easily remove the architectural barriers at Theater without much difficulty or expense, and that

1  Regal El Dorado Hills violated the ADA by failing to remove those barriers,
2  when it was readily achievable to do so.
3     21.  In the alternative, if it was not "readily achievable" for Regal El
4  Dorado Hills to remove the Theater's barriers, then Regal El Dorado Hills
5  violated the ADA by failing to make the required services available through
6  alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

8     22.  On information and belief, the Theater was designed or constructed
9  (or both) after January 26, 1992—independently triggering access requirements
10 under Title III of the ADA.
11    23.  The ADA also prohibits designing and constructing facilities for first
12 occupancy after January 26, 1993, that aren't readily accessible to, and usable by,
13 individuals with disabilities when it was structurally practicable to do so. 42
14 U.S.C. § 12183(a)(1).
15    24.  Here, Regal El Dorado Hills violated the ADA by designing or
16 constructing (or both) the Theater in a manner that was not readily accessible to
17 the physically disabled public—including McCune—when it was structurally
18 practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

20    25.  On information and belief, the Theater was modified after January
21 26, 1992, independently triggering access requirements under the ADA.
22    26.  The ADA also requires that facilities altered in a manner that affects
23 (or could affect) its usability must be made readily accessible to individuals with
24 disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an
25 area that contains a facility's primary function also requires adding making the

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint

Page 6

paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Regal El Dorado Hills altered the Theater in a manner that violated the ADA and was not readily accessible to the physically disabled public—including McCune—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Regal El Dorado Hills violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Theater, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30. McCune seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31. McCune also seeks a finding from this Court (*i.e.,* declaratory relief) that Regal El Dorado Hills violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
**Disabled Persons Act**

32. McCune incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint

Page 7

1  streets, sidewalks, walkways, public buildings and facilities, and other public
2  places.
3      34.   California Civil Code § 54.1 also states, in part, that: Individuals
4  with disabilities shall be entitled to full and equal access to accommodations,
5  facilities, telephone facilities, places of public accommodation, and other places
6  to which the general public is invited.
7      35.   Both sections specifically incorporate (by reference) an individual's
8  rights under the ADA. <u>See</u> Civil Code §§ 54(c) and 54.1(d).
9      36.   Here, Regal El Dorado Hills discriminated against the physically
10 disabled public—including McCune—by denying them full and equal access to
11 the Theater.  Regal El Dorado Hills also violated McCune's rights under the
12 ADA, and, therefore, infringed upon or violated (or both) McCune's rights under
13 the Disabled Persons Act.
14     37.   <u>For each offense</u> of the Disabled Persons Act, McCune seeks actual
15 damages (both general and special damages), statutory minimum damages of one
16 thousand dollars ($1,000), declaratory relief, and any other remedy available
17 under California Civil Code § 54.3.
18     38.   He also seeks to enjoin Regal El Dorado Hills from violating the
19 Disabled Persons Act (and ADA) under California Civil Code § 55, and to
20 recover reasonable attorneys' fees and incurred under California Civil Code §§
21 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

24     39.   McCune incorporates the allegations contained in paragraphs 1
25 through 30 for this claim.
26     40.   California Civil Code § 51 states, in part, that: All persons within the
27 jurisdiction of this state are entitled to the full and equal accommodations,

28

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint

1  advantages, facilities, privileges, or services in all business establishments of
2  every kind whatsoever.
3      41.   California Civil Code § 51.5 also states, in part, that: No business
4  establishment of any kind whatsoever shall discriminate against any person in
5  this state because of the disability of the person.
6      42.   California Civil Code § 51(f) specifically incorporates (by reference)
7  an individual's rights under the ADA into the Unruh Act.
8      43.   Regal El Dorado Hills' aforementioned acts and omissions denied
9  the physically disabled public—including McCune—full and equal
10 accommodations, advantages, facilities, privileges and services in a business
11 establishment (because of their physical disability).
12     44.   These acts and omissions (including the ones that violate the ADA)
13 denied, aided or incited a denial, or discriminated against McCune by violating
14 the Unruh Act.
15     45.   McCune was damaged by Regal El Dorado Hills' wrongful conduct,
16 and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each</u>
17 <u>offense</u>.
18     46.   McCune also seeks to enjoin Regal El Dorado Hills from violating
19 the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs
20 incurred under California Civil Code § 52(a).

21                          IX. FOURTH CLAIM
22            **Denial of Full and Equal Access to Public Facilities**
23     47.   McCune incorporates the allegations contained in paragraphs 1
24 through 13 for this claim.
25     48.   Health and Safety Code § 19955(a) states, in part, that: California
26 public accommodations or facilities (built with private funds) shall adhere to the
27 provisions of Government Code § 4450.
28

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint

1    49.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50.    McCune alleges the Theater is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Theater was not exempt under Health and Safety Code § 19956.

51.    Regal El Dorado Hills' non-compliance with these requirements at the Theater aggrieved (or potentially aggrieved) McCune and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# X. PRAYER FOR RELIEF

WHEREFORE, McCune prays judgment against Regal El Dorado Hills for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Regal El Dorado Hills violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

DATED: November 6, 2012     DISABLED ADVOCACY GROUP, APLC

  /s/ Lynn Hubbard, III
LYNN HUBBARD, III
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McCune v. Regal Cinemas, Inc., et al.*
Plaintiff's Complaint